UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

PRIME TIME MARKETING MANAGEMENT, INC.,
Plaintiff

v.

BETA FINANCE COMPANY, INC.,
Defendant

Case No. 2:09 cv 273

OPINION AND ORDER

This matter is before the court on the Motion to Strike [DE 12] filed by the defendant, Beta Finance Company, Inc., on November 4, 2009. For the reasons set forth below, the Motion to Strike is DENIED.

Background

On November 17, 1986, DirectBuy and Prime Time entered into a franchisor/franchisee relationship. In connection with this, Prime Time then entered into a Finance Agreement with Beta Finance, a subsidiary of DirectBuy. The Finance Agreement allowed Beta to finance the franchise fees of prospective members of Prime Time. Beta then would remit to Prime Time the payments that it received under the financing agreements with the prospective members, subject to Beta's right to withhold such payments to offset any indebtedness of Prime Time to Beta or DirectBuy.

On May 11, 2007, DirectBuy terminated its business relationship with Prime Time. After DirectBuy's termination of Prime Time's franchise rights, a lawsuit ensued between DirectBuy and Prime Time. (United Consumers Club, Inc. and DirectBuy, Inc. v. Prime Time Marketing Management, Inc., 2:07-cv-358). Following DirectBuy's franchise termination, Prime Time filed its Complaint against Beta on September 8, 2009. The second lawsuit alleged breach of contract concerning the Finance Agreement which stemmed from the dispute between Prime Time and DirectBuy. Prime Time's second claim seeks an accounting of Beta to determine damages.

On November 4, 2009, Beta filed a Motion to Strike paragraphs five (5) through fifty-four (54) in Prime Time's Complaint as redundant, immaterial, impertinent, or scandalous. The paragraphs in question contain information and events leading to the litigation between Prime Time and DirectBuy. Beta or any reference to Beta is not stated in paragraphs 5 through 54. Paragraphs 9, 11, and 13 contain references to "perks and kickbacks," "secret perks and kickbacks," and "hidden perks and kickbacks."

Beta's Motion to Strike also challenges Prime Time's jury demand because of the equitable relief of Prime Time's claim for an accounting. Beta asks that both claims, the breach of

contract and an accounting, be decided by the court and not a jury.

Discussion

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989); Shirley v. Jed Capital, LLC., 2010 WL 2721855, *5 (N.D. Ill. July 8, 2010); Doe v. Brimfield Grade School, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 665 (7th Cir. 1992). "Motions to strike under Federal Rule 12(f) are not favored [] and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." Tektel, Inc. v. Maier, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992).

Prime Time alleges that Beta is improperly withholding funds because of the dispute between Prime Time and DirectBuy. As stipulated in the contract between Beta and Prime Time, Beta is allowed to withhold funds from Prime Time if there is any out-

standing debt owed to DirectBuy by Prime Time. Paragraphs 5 through 54 in Prime Time's Complaint outline the progression of the relationship between Prime Time and DirectBuy which led to the dispute for which Beta is withholding funds and the current litigation. The absence of a mention of Beta in paragraphs 5 to 54 does not automatically indicate the information is immaterial. See, e.g., Lee v. Northwestern University, 2010 WL 2757550, *5 (N.D. Ill. July 13, 2010) (holding that the defendant's argument for striking was basically an aesthetic one rather than a legitimate argument because the information contained relevant background information). Here, the background information contained in paragraphs 5 to 54 bears a relationship to the current controversy and is neither immaterial, redundant, nor impertinent.

Beta also contends that Prime Time's reference to "kickbacks" and "perks" are scandalous and prejudicial while offering no explanation as to how these words are prejudicial. "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." Talbot, 961 F.2d at 664. See also Tektel, Inc., 813 F.Supp. at 1334 (holding motions to strike are usually denied when there is no clear prejudice shown); Jordan v. VanWinkle, 2005 WL 1500860, *2 (N.D. Ind. June 23, 2005) (holding movant failed to prove any prejudice occurred or would occur from

the use of the word "sadistic" or "sadistically" in the complaint). Therefore, the Motion to Strike paragraphs 5 through 54 is DENIED.

In addition, Beta asks the court to strike the jury demand from Prime Time's Complaint for both of the claims, breach of contract and an accounting, contending that Prime Time is not entitled to a jury trial because the underlying claims sound in equity. "Whether a plaintiff is entitled to a jury trial is a matter of federal procedural law rather than state substantive law." Madison Tool and Die, Inc. v. ZF Sachs Automotive of America, Inc., 2007 WL 2286130, *8 (S.D. Ind. Aug. 7, 2007); Simler v. Conner, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963); Int'l Fin. Serv. Corp. v. Chromas Tech. Canada, Inc., 356 F.3d 731, 735 (7th Cir. 2004). Federal Rule of Civil Procedure 38(a) provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution -- or as provided by a federal statute -- is preserved to the parties inviolate." No federal statutes apply to this case. The Seventh Amendment to the United States Constitution states:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

Therefore, whether a plaintiff is entitled to a jury trial depends on whether the claim it makes is legal or equitable as determined by federal law. Simler, 372 U.S. at 610, 83 S.Ct. at 1001.

Legal remedies traditionally involve money damages, where equitable remedies, such as an accounting, typically are coercive in nature. Int'l Fin. Serv. Corp., 356 F.3d at 735 (citing Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002)). The Seventh Circuit employs a two-part test, first comparing the claim to 18th-century claims brought in the courts of England prior to the merger of the courts of law and equity, and second, examining the remedy sought and determining whether it is legal or equitable in nature. Int'l Fin. Serv. Corp., 356 F.3d at 735 (citing Tull v. United States, 481 U.S. 412, 417-18, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987)). The second part of the test is the most important. Int'l Financial Services Corp. 356 F.3d at 755 (citing Granfinanciera S.A. v. Nordberg, 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)).

Applying the Seventh Circuit's test, whether Prime Time's breach of contract claim has a remedy at law is easily resolved. Prime Time is seeking monetary damages for Beta's alleged breach of contract. It is well established that "[a] claim for money

due and owing under a contract is quintessentially an action at law." Great-West Life & Annuity Ins. Co., 534 U.S. at 210, 122 S.Ct. at 713 (citing Wal-Mart Stores, Inc. v. Wells, 213 F.3d 398, 401 (7th Cir. 2002) (Posner, J.)). Accord. Int'l Financial Services Corp. 356 F.3d at 735 ("Legal remedies traditionally involve money damages."); Senn v. United Dominion Indus., Inc., 951 F.2d 806, 813-14 (7th Cir. 1992)("The right [to have the equitable claim joined with the legal for purposes of jury trial] cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought."). Therefore, the Seventh Amendment's guaranteed right of trial by jury applies, and the Motion to Strike the jury demand for the breach of contract claim is DENIED.

As for the claim for an accounting, "[t]he Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action." Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 569, 110 S.Ct. 1339, 1347, 108 L.Ed.2d 519 (1990) (citing Ross v. Bernhard, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970)). A party may not avoid a jury demand solely because the legal issues are characterized as "incidental" to the equitable issues. See Simon Property Group, L.P. v. mySimon, Inc., 2001 WL 66408, *19 (S.D. Ind. Jan. 24, 2001) (citing Dairy Queen, Inc. v. Wood, 369

U.S. 469, 470, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962)). The district court must make an independent judgment on equitable issues insofar as they are not identical to the legal issues decided by the jury. Int'l Financial Services Corp. 356 F.3d at 735 (citing Davenport v. DeRobertis, 844 F.2d 1310, 1314 (7th Cir. 1988)).

Here, the heart of the complaint is the breach of contract claim. Prime Time's impetus for its lawsuit is the alleged breach of contract and not the accounting. The accounting claim is incidental to the breach of contract claim because if no breach of contract is found, then the accounting claim is rendered moot. "A jury, under proper instructions from the court, could readily determine the recovery, if any, to be had here." Dairy Queen, Inc., 369 U.S. at 479-80, 82 S.Ct. at 900-01. Precisely like Dairy Queen, Inc., the claim at law, breach of contract, provides the underlying basis for the equitable remedy, the accounting. See Id. (concluding that the district court erred in refusing to grant petitioner's demand for a trial by jury on the factual issues related to the question of whether there has been a breach of contract where the complaint also sought an equitable remedy). The Motion to Strike the jury demand from all of Prime Time's claims is DENIED.

For the aforementioned reasons the Motion to Strike [DE 12] filed by the defendant, Beta Finance Company, Inc., on November 4, 2009, is DENIED.

ENTERED this 22nd day of September, 2010

s/ANDREW P. RODOVICH
United States Magistrate Judge