UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PRIME TIME MARKETING MANAGEMENT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:09-CV-273 JVB |
| v. | ) |
| | ) |
| BETA FINANCE COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

In 1992, Plaintiff Prime Time Marketing Management, Inc. became the owner of a DirectBuy members-only buying club franchise. (DE 1, Compl., ¶7). In connection with this business venture, Plaintiff entered into a Finance Agreement with Defendant Beta Finance Company, Inc. (*Id*. ¶56–58). This Finance Agreement provided that Defendant would finance Plaintiff's prospective members' membership fees, collect payments from the members, and remit the balance of those fees (after applicable offsets, deductions, and other payments) to Plaintiff. (*See* DE 1-5, Finance Agreement). However, Plaintiff's business relationship with the Franchisor, DirectBuy, fell apart, leaving many questions related to their past business venture unanswered. Subsequently, Defendant has stopped remitting payments to Plaintiff.

Plaintiff filed the present action against Defendant for breach of contract and an action for accounting. (DE 1, Compl., Cts. 1 & 2). On September 9, 2010, Defendant moved to dismiss the charges pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff failed to state a claim upon which relief can be granted. (DE 27, Mot. to Dismiss). For the reasons below, Defendant's motion to dismiss is denied.

1

A.     **Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* In essence, the courts must now more carefully consider "several key questions," including "what, exactly, does it take to give the opposing party 'fair

---

[1]     In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

notice'" and "how much detail realistically can be given"? *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

**B.    Factual and Procedural Background**

In April 1992, Plaintiff was assigned the rights, title, and interest in a franchise agreement with DirectBuy, a non-party to this case. (DE 1, Compl., ¶7). This franchise agreement permitted Plaintiff to operate a DirectBuy members-only buying club. (*Id*. ¶¶5–7). In connection with this agreement, Plaintiff entered into a Finance Agreement with Defendant, a subsidiary of DirectBuy. (*Id.* ¶¶56–58; *see also* DE 1-5, Finance Agreement). The Finance Agreement provided that Defendant would finance franchise fees of Plaintiff's prospective members. (DE 1, Compl., ¶58). The Defendant would remit to Plaintiff the payments that it received under the Finance Agreement, subject to the Defendant's right to withhold payments to offset any indebtedness of the Plaintiff to Defendant or DirectBuy. (*See* DE 1-5, Finance Agreement, ¶4.01).[2] Additionally, the Finance Agreement required Defendant to "provide [Plaintiff] with periodic reports on collections and applications of payments in accordance with [Defendant]'s standard practices." (*Id*. at App. A, ¶2.03).

---

[2]    The Finance Agreement provides the following regarding Defendant's right to withhold payments to offset Plaintiff's indebtedness:
> [Defendant] shall have the right, at its sole discretion, and [Plaintiff] hereby irrevocably and unconditionally authorizes [Defendant], on [Plaintiff]'s behalf, to hold and apply any payments due and owing to [Plaintiff] with respect to any Contracts and any reserve funds to any indebtedness of [Plaintiff] for any and all charges, fees or other amounts due and owing [Defendant], [DirectBuy] or any of their respective affiliates of whatever nature, including, without limitation, all charges, fees and other amounts due under this Agreement (e.g., processing fees, reserves) and the Franchise Agreement [between Plaintiff and DirectBuy] (e.g., royalty fees). [Plaintiff] hereby irrevocably and unconditionally authorizes [Defendant], on [Plaintiff]'s behalf, to pay from amounts due to [Plaintiff] hereunder, all franchise fees, royalty fees and all other amounts payable in connection with the Franchise Agreement or in connection with any other agreement entered into with [DirectBuy] or any of its affiliates. The foregoing rights shall survive the termination of this Agreement.

(DE 1-5, Finance Agreement ¶4.01) Additionally, the Finance Agreement provided Defendant with a security interest in all proceeds held by Defendant pursuant to the Finance Agreement. *Id*. ¶4.02.

3

The business relationship between the Plaintiff and DirectBuy was terminated by DirectBuy on May 11, 2007, partly because DirectBuy believed that Plaintiff violated the franchise agreement between Plaintiff and DirectBuy by overcharging franchise members. (DE 1, Compl., ¶33).[3] The termination of this relationship has led to a separate lawsuit between Plaintiff and DirectBuy.[4] After DirectBuy terminated its agreement with Plaintiff, Defendant stopped sending Plaintiff the proceeds it received under the Finance Agreement. (*Id.* ¶60). Instead, the Defendant turned over the proceeds to DirectBuy. (*Id.* ¶62). Also, Plaintiff asserts that it has not received an accounting of the collection, allocation, or distribution of funds held by the Defendant since the termination of the agreement between DirectBuy and Plaintiff. (*Id.* ¶71). Consequently, Plaintiff has filed this lawsuit against Defendant alleging breach of the Finance Agreement. (*Id.* at Cts. 1 & 2).

In essence, Plaintiff asserts that Defendant breached the Finance Agreement by (1) failing to remit monies due to Plaintiff, and (2) neglecting to issue periodic reports to Plaintiff, as required by the Finance Agreement. (*Id.*). Plaintiff also requests an action for accounting to determine the amount of monies that Defendant has collected that are owed to Plaintiff. (*Id.* ¶61).[5] In turn, Defendant filed this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (DE 27, Mot. to Dismiss). In its Motion, Defendant contends that Plaintiff has failed to adequately allege damages as required under Indiana law. (*Id.* ¶2; *see also Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007) (citing *McCalment v. Eli Lilly & Co.*, 860 N.E.2d

---

[3] DirectBuy asserts that the overcharges total $789,351.52. (DE 1, Compl., ¶34).

[4] *United Consumers Club, Inc. v. Prime Time Marketing Management, Inc.*, 2:07-cv-358 (N.D. Ind.).

[5] Plaintiff contends that the Defendant has money belonging to Plaintiff under its control, but the amount of such money cannot be determined without an accounting. (DE 1, Compl., ¶61). Plaintiff estimates that the amount of money owed currently exceeds $450,000. (*Id.* ¶¶61, 79).

884, 84–94 (Ind. Ct. App. 2007) ("Compensable damages are an element of a breach of contract cause of action.")). Defendant asserts that the Financing Agreement authorizes the Defendant to withhold funds to offset any indebtedness of Plaintiff to Defendant or DirectBuy. (DE 27, Mot. to Dismiss, ¶2). Furthermore, Defendant maintains that the Plaintiff has no right to an accounting and an accounting is not equitable under the circumstances. (*Id.* ¶3).

**C.     Discussion**

Defendant sets forth two arguments in its Motion to Dismiss. (*Id.* ¶¶2–3). First, Defendant maintains that Plaintiff failed to allege an essential element in a breach of contract case: damages. (*Id.* ¶2). Second, Defendant contends that Plaintiff has failed to allege sufficient facts to establish that Plaintiff has any right to an action for accounting. (*Id.* ¶3).

**(1)     *Breach of Contract Claim***

Plaintiff's Complaint is sufficient to state a claim for relief. It provides sufficient notice to Defendant of Plaintiff's claim for breach of contract. In particular, it identifies two provisions in the contract that have been breached. (DE 1, Compl. ¶¶60, 80). First, it alleges that Defendant has improperly withheld funds from Plaintiff. (*Id.*, Ct. 1). Second, it maintains that Defendant has breached the contract by failing to provide Plaintiff with periodic reports on collections and applications of payments. (*Id.*)

Regarding the first allegation of breach, the Complaint identifies the background information related to the franchise agreement between Plaintiff and DirectBuy, which is plausible on its face to support Plaintiff's contention that it is not indebted to Defendant or DirectBuy. (*Id.* ¶¶5–82). Thus, Plaintiff adequately alleged that Defendant does not have any

5

right to offset funds. As noted previously, this Court must consider "how much detail realistically can be given." *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Defendant's assertion that Plaintiff's Complaint must be dismissed for failure to state a claim because it "fails to quantify any set-off" is unpersuasive. Plaintiff contends that it has not received an accounting of collection, allocation, or distribution of funds held by Defendant since the termination of the agreement between DirectBuy and Plaintiff. (DE 1, Compl., ¶71). Thus, the amount of detail that Plaintiff can realistically set forth in its Complaint is limited. Additionally, Plaintiff's Complaint does state that "DirectBuy owes [Plaintiff] monies it has collected in excess of the fees to which it is entitled under the franchise agreement." (*Id*., ¶40). This statement, albeit in general terms, adequately addresses the set-off provision for purposes of this stage of the litigation.

As for the second allegation of breach, Plaintiff's Complaint provides sufficient notice that it contends that Defendant failed to provide periodic reports to the Plaintiff as required by the Finance Agreement. (*See id*., ¶80). The Complaint states that the Finance Agreement requires that Defendant send periodic reports to Plaintiff. (*See* DE 1-5, Beta Finance Agreement, Appx. A, ¶2.03). Additionally, the Complaint states that Defendant has "failed to comply with this contractual obligation." (DE 1, Compl., ¶80). Defendant's Motion to Dismiss does not address why Plaintiff's Complaint is insufficient insofar as it contends that Defendant failed to provide periodic reports to Plaintiff, as required by the Finance Agreement.

**(2)** *Action for Accounting*

Defendant also contends in its motion that Plaintiff has "failed to allege any right to an accounting or that an accounting is equitable under the circumstances." (DE 27, Mot. to Dismiss,

6

¶2). However, at this stage in the proceedings, this Court does not determine whether the actions alleged in the Complaint actually occurred or whether Plaintiff is actually entitled to the relief Plaintiff requests. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[T]he court will ask itself *could* these things have happened, not *did* they happen."). Rather, the court must determine whether the allegations in the complaint are plausible.

In the instant case, Plaintiff's Complaint does more than make a conclusory allegation that it is entitled to relief. Plaintiff's Complaint demonstrates that without an accounting, it is impossible to determine the amount, if any, that Defendant allegedly owes Plaintiff. Plaintiff has not pleaded itself out of court regarding the action for accounting.

**D.     Conclusion**

Defendant's Motion to Dismiss (DE 27) is DENIED.

SO ORDERED on January 14, 2011.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE